**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| 11611 BONITA BEACH ROAD SE ASSOCIATES, LLC,  Plaintiff, v. PINE ISLAND CROSSING, LLC,  Defendants. | Civil Action No. 14-cv-01502 (SDW)(SCM) **OPINION AND ORDER** [D.E. 8, 17] |

STEVEN C. MANNION, United States Magistrate Judge.

## I.   INTRODUCTION

This matter comes before the Court upon Defendant Pine Island Crossing, L.L.C.'s Motion to Dismiss for Lack of Jurisdiction, and Plaintiff 11611 Bonita Beach Road SE Associates, L.L.C.'s Cross Motion to Transfer Venue. (ECF Docket Entries (D.E.) 8, 17). Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard. Upon consideration of the parties' submissions and for the reasons stated below, Plaintiff's Motion to Transfer this matter to the Middle District of Florida pursuant to 28 U.S.C. § 1406 (a) is granted. Defendant's Motion to Dismiss is administratively terminated as moot.

## II.   BACKGROUND AND PROCEDURAL HISTORY

This matter arises from a failed Purchase and Sale Agreement ("Agreement") between Plaintiff and non-party Morse Properties Real Estate and Development, L.L.C. ("Morse"). (D.E. 1, Complaint).

Plaintiff is a limited liability company comprised of one member, who is a resident of New Jersey and owns a gas service station within a shopping center located in Cape Coral, Florida. (Id. at ¶ 6; D.E. 20, Pl. Reply Br. at 4). Defendant is a limited liability company comprised of one member who is a resident of Florida, and owns the developer's rights to the aforementioned shopping center. (Compl. ¶¶ 3, 9; D.E. 8-2, Thomas Alex's Decl. ¶¶ 2-5).

Plaintiff alleges the following facts, which have not been disputed: On February 12, 2013, Plaintiff and Morse entered the Agreement for the sale of Plaintiff's property with plans to convert the property into a restaurant and commercial space. (Id. at ¶7). In 1998, Plaintiff and Defendant's predecessors entered into a Declaration of Restriction and Grant of Easements, which required approval for modification of the property from all owners. (Id. at ¶ 10). Consequently, on October 2, 2013, Plaintiff provided a proposal of the modification to successive owners of the shopping center, Publix Super Markets, Inc. and Defendant. (Id. at ¶ 9). Subsequently, Defendant denied Plaintiff's proposal of the Agreement, which resulted in Morse terminating the Agreement on January 30, 2014. (Complaint ¶ 38).

On March 7, 2014, Plaintiff filed a two-count complaint, in this Court, seeking damages for breach of contract and tortious interference with an existing contract. (Id. at ¶¶ 41-66). On the same date, Defendant filed a Declaratory Judgment in the Twentieth Judicial Circuit Court in Lee County, Florida, seeking that Plaintiff be barred from modifying the subject property and that Defendant was justified in withholding consent. (D.E. 8-2, Thomas Alex's Decl. ¶¶

2

6, 11). On April 1, 2014, Defendant filed a motion to dismiss for lack of subject matter and personal jurisdiction in this action. (D.E. 8). On August 12, 2014, Plaintiff filed an opposition and cross motion to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1406 (a). (D.E. 17).

### III. DISCUSSION

The guidelines as to when venue is proper are governed by 28 U.S.C. § 1391. Pursuant to subsection (b), venue is proper when:

> (1) a judicial district in which any defendant resides, if all defendants reside in the same State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b) (2014).

Under 28 U.S.C. § 1406(a), if venue is not proper, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district of division in which it could have been brought." The moving party seeking to transfer venue pursuant to § 1406(a) "bears the burden of establishing affirmatively that venue is improper." *Wooten v. Zickefoose*, No. 10-4599 (NLH), 2011 U.S. Dist. LEXIS 20329, at *6, 2011 WL 794393, at *2 (D.N.J. Feb. 28, 2011).

3

The Court finds venue is improper in New Jersey pursuant to 28 U.S.C. § 1391(b)(1), which states venue is proper in a district where defendant resides. While Plaintiff does not concede venue is improper in New Jersey, Plaintiff acknowledges venue is "without any question properly laid in the Middle District of Florida." (D.E. 17, Pl. Opp'n Br. and Motion to Transfer at 5). For purposes of establishing the proper venue, 28 U.S.C. §1391(d) provides that a defendant corporation's residence is determined by the judicial district in which it would be subject to personal jurisdiction at the time the action is commenced. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Pursuant to section (b)(1), Defendant is an L.L.C. with its sole member residing in Florida, making New Jersey improper. (D.E. 1; 8, Thomas Alex Cert. ¶¶ 2-5).

With respect to venue under subsection (b)(2), the inquiry turns on whether a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). There is no evidence before the Court that any events or omissions occurred in New Jersey. Plaintiff's property is located in Cape Coral, Florida. (Compl. at ¶ 6). Plaintiff alleges contract and tortious interference claims in its complaint, and looking to the nature of Plaintiff's claims, there are no connections to New Jersey. (Id. at ¶¶ 41-66). There is also no evidence the negotiations of the Purchase and Sale Agreement took place in New Jersey. In fact, the governing law of the

4

Sale Agreement is subject to the State of Florida. (D.E. 1-1 at 11). Furthermore, in light of the fact that the Declaration was entered into by the parties' predecessors, there is no evidence the formation of that contract had any connection to New Jersey. Therefore, there is no question venue in New Jersey is improper.

Given the aforementioned analysis, the Court finds that this action could have originally been brought in the Middle District of Florida. *See* 28 U.S.C. § 1406(a). The subject property of the dispute is located in Florida, and Defendant resides in Florida. (Compl. at ¶¶ 3, 6). Furthermore, Plaintiff concedes the case could have and should have been originally brought in Florida. The Court may transfer the instant case to another district *in lieu* of dismissal in the interest of justice, "however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39, 42 (1962). "Transfer is generally more in the interest of justice than dismissal." *CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co.*, 650 F. Supp. 57, 60 (D.V.I. 1986). Thus, in the interest of justice it is appropriate to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they made an erroneous guess as to the facts underlying the choice of venue." *Eviner v. Eng*, no. 2:12-2245 (KM) (MCA), 2013 U.S. Dist. LEXIS 177125, at *19, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (citations and internal quotation marks omitted). Accordingly, in its discretion, this Court will transfer this action, pursuant to 28 U.S.C. § 1406(a),

to the United States District Court for the Middle District of Florida.

**IV.   CONCLUSION**

For the foregoing reasons, this Court concludes that venue in the District of New Jersey is improper, and in the interest of justice, transfers this case to the Middle District of Florida.

For the foregoing reasons, and good cause shown,

IT IS on this 6th day of October, 2014,

**ORDERED** that Plaintiff's motion to transfer is granted and this matter is hereby transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a); and it is further

**ORDERED** that Defendant's motion to dismiss, [D.E. 8] is administratively terminated as moot. See Fed. R. Civ. P. 83(b) and Local Civ.R. 83.3.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/7/2014 5:57:11 PM