UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

11611 BONITA BEACH ROAD SE ASSOCIATES, LLC, a New Jersey limited liability company

      Plaintiff,

v.                                        Case No: 2:14-cv-625-FtM-38DNF

PINE ISLAND CROSSING, LLC,

      Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Defendant, Pine Island Crossing, LLC's Motion to Dismiss with Prejudice (Doc. #34) filed on December 1, 2014. The Plaintiff filed its Response in Opposition (Doc. #41) on January 5, 2015. The Motion is now fully briefed and ripe for the Court's review.

## FACTS

The Plaintiff is the owner of a gas station located at 1731 NW Pine Island Road, Cape Coral Florida 33903. On February 12, 2013, the Plaintiff entered into a Sales and Purchase Agreement with Morse Properties Real Estate and Development, LLC (Morse) for the sale of the property. Morse's intention was to develop the property into a restaurant. The agreed upon price was $645,000.00.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

The Plaintiff states that as part of the Sales Agreement it sent a letter to the Defendant and Publix Super Markets, Inc. (Publix) informing them of a Modification of Existing Building Located at Pine Island & Del Prado in Cape Coral.  The Plaintiff was required to provide the Defendant and Publix of any modifications to the property before any modifications could take place.  The Defendant and Publix were Consenting Owners and by the terms of the Sales Agreement, the Defendant could withhold its approval of the sale and thereby void the sale.

On October 15, 2013, the Defendant's Counsel sent the Plaintiff a letter wherein the Defendant noted that it disapproved the sale of the property.  The Defendant stated that the property was not suited for the purposes proposed by Morse.  The Defendant gave four reasons for the disapproval. (Doc. #1-1, p. 51).  The Defendant stated the existing under-ground storage tanks (gas tanks) and canopy constituted potential environment concerns which might be exacerbated with removal.  Second, the Defendant objected because the sight lines for the shopping center would be severely impaired.  Third, the Defendant noted that the parcel at issue was specifically designated as a fueling parcel and for no other use and that all of the developable square footage allocated to the parcel had been used and no additional square footage was available.  And finally, the Defendant objected stating that traffic congestion at the entire center would be dramatically increased by Morse's proposal.  The Defendant noted that parking at the shopping center was already a problem and that Morse had requested that Publix give up ten spaces for use by his proposed restaurant.

The Sales Agreement gave the purchaser Morse the option of cancelling the Sales Agreement if Morse determined that the property was not suited to his purposes. After the letter disapproving the proposed development, Morse exercised his opt-out option and cancelled the Sales Agreement.

As a result of Morse's cancellation of the Sales Agreement, the Plaintiff brought the instant case for tortious interference with a business relationship and for breach of contract. The Defendant now moves to dismiss the Complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does

not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

The Defendant argues that Count I fails to state a claim for tortious interference with an existing business relationship. Likewise the Defendant argues that Count II fails to state a claim for breach of contract. The Plaintiff argues that both Counts I and II properly state claims.

(1) *Whether the Complaint States a Claim for Tortious Interference with a Contract*

The Defendant argues that where a contract is cancelled pursuant to its terms no cause of action may lie against a third party for tortious interference under Florida law. Mariscotti .v Merco Group at Akoya, Inc., 917 So. 2d 890, 891 (Fla. 3d DCA 2005). The Defendant argues that by the terms of the contract at paragraph 6(a) the buyer had a

study period in which to review the purchase. (Doc. #1-1, p. 4).  The contact further gave the buyer the ability to cancel the Sales Agreement if the contingencies set forth in Section 6 of the Sales Agreement were not satisfied. (Doc. #1-1, p. 4).  The Defendant argues that since Morse did indeed cancel the Sales Agreement pursuant to Section 6 that no tortious interference may lie against it.  The Defendant further argues that it had a right under the terms of the Sales Agreement to disapprove the sale.

The Plaintiff responds that it sufficiently pled the elements of a tortious interference claim within the four corners of the Complaint.  To state a valid claim for tortious interference with a contract or business relationship, the Plaintiff must allege:

> (1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform; and (4) damage to the plaintiff resulting from the third person's failure to perform.

Stewart Title Guar. Co. v. Title Dynamics, Inc., WL 2548419, *2-3 (M.D. Fla. October 11, 2005); (Seminole Tribe v. Times Publ'g Co., 780 So.2d 310, 315 (Fla. 4th DCA 2001) (citing Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 385 (Fla. 4th DCA 1999); Restatement (Second) of Torts § 766 (1979)).

The Plaintiff alleges the existence of a business relationship between Morse and itself; that the Defendant had knowledge of said business relationship; the Defendant's actions were without justification and were intentional; and finally the Plaintiff alleges it was harmed by the Defendant's actions.  As such, the Plaintiff alleges the elements of a tortious interference with a business relationship.

However, under Florida law a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with. Romika-USA, Inc. v. HSBC Bank USA, N.A., 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007). In this instance, the Defendant and Plaintiff are both parties to the Declaration (Contract) and Sales Agreement.[2] (Doc. #1, ¶ 54-55).

Furthermore, pursuant to the terms of the Sales Agreement, the Defendant had thirty (30) days from the date they received written notice of the proposed sale to approve or disapprove the proposed development. (Doc. #1, ¶¶ 54-59). Florida law provides that there is no cause of action for tortious interference of a business relationship when a contract provision expressly reserves the right to interfere. Romika-USA, 514 F. Supp. at 1339. Because, the Plaintiff's Sales Agreement with Morse was specifically conditioned upon the Defendant's approval or disapproval of the sale—as a matter of law—the Defendant cannot be held liable for tortious interference with the Sales Agreement. Id. (citing McCurdy v. J.C. Collis, 508 So. 2d 380, 384 (Fla. 1st DCA 1987)). Therefore, Count I of the Plaintiff's Complaint is due to be dismissed with prejudice.

### (2) Breach of Contract

The Defendant states the Plaintiff fails to state a claim for breach of contract upon which relief can be granted because it had legitimate reasons for objecting to the proposed development of the property. The Plaintiff argues that an express contract

---

[2] While a court is normally confined to reviewing the four corners of the complaint when reviewing a motion to dismiss, there is an exception to the rule when a plaintiff attaches documents to the complaint or refers to a document in its complaint that is central to the plaintiff's claims. Rucker v Emprie Healthchoice Assur., Inc., 2010 WL 2330300, *2 (M.D. Fla June 9, 2010). In this instance, the Plaintiff refers to the Sales Agreement in the Complaint as central to the claims and attaches copies of the various agreements at issue in this case. Thus, the Court may rely on those documents in addition to the four corners of the Complaint in deciding this Motion.

existed in the form of the Declaration and the Defendant breached that Declaration by refusing to consent to the purchase and proposed development.

To establish a claim for breach of contract a plaintiff must allege a valid contract exists; a material breach occurred; and damages resulted. Warfield v. Stewart, 2007 WL 3378548, *6 (M.D. Fla. November 12, 2007) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)).

The Plaintiff argues that all of the elements have been properly alleged within the four (4) corners of the Complaint to state a breach of contract claim.  Specifically, the Plaintiff asserts there is a contract in the form of the Declaration. (Doc. #1, ¶54).  The Plaintiff alleges the Defendant breached the Declaration (Doc. #1, ¶63).  And finally, the Plaintiff alleges that it was damaged by the breach. (Doc. #1, ¶¶65-66).  Taking the Plaintiff's allegations as true the Plaintiff has sufficiently pled a cause of action for breach of contract. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1949, 173 L. Ed. 2d 868 (2009).

## **CONCLUSION**

Thus, for the foregoing reasons, the Court finds that the Defendant did not—as a matter of law—tortuously interfere with the business relationship between the buyer Morse and the Plaintiff.  Count I is dismissed with prejudice.  The Court further finds that the Plaintiff sufficiently pled a cause of action for a breach of contract claim in Count II.

Accordingly, it is now

**ORDERED:**

The Defendant, Pine Island Crossing, LLC's Motion to Dismiss with Prejudice (Doc. #34) is **GRANTED in part and DENIED in part**.

(1) Defendant's Motion to Dismiss Count I of the Complaint for tortious interference with a business relationship is **GRANTED**.  Count I of the Plaintiff's Complaint is **DISMISSED with prejudice**.

(2) Defendant's Motion to Dismiss Count II of the Complaint for breach of contract is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record